# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 18-2855

———————————————

United States of America

*Plaintiff - Appellee*

v.

Roberto W. Duran, also known as Muchacho

*Defendant - Appellant*

——————

Appeal from United States District Court
for the Western District of Missouri - Kansas City

——————

Submitted: October 9, 2019
Filed: November 5,2019
[Unpublished]

——————

Before COLLOTON, ERICKSON, and GRASZ, Circuit Judges.

——————

PER CURIAM.

Roberto Duran appeals after he pled guilty to drug offenses, and the district court sentenced him below the advisory sentencing guideline range and ordered forfeiture. He suggests that the district court impermissibly considered hearsay testimony at sentencing, and that his prison term is substantively unreasonable. Duran's counsel sought leave to withdraw under the procedure of *Anders v.*

*California*, 386 U.S. 738 (1967), but this court denied the motion and ordered supplemental briefing on the meaning and propriety of the district court's forfeiture order. The parties then jointly moved for partial remand so that the district court could clarify the judgment to show that no forfeiture of a money judgment is ordered. The government represents that it does not intend to seek forfeiture at this juncture.

We conclude that the district court did not abuse its discretion in relying on hearsay testimony at sentencing, as the testimony possessed sufficient indicia of reliability to support its probable accuracy, and was corroborated by another witness's testimony. *See United States v. Sheridan*, 859 F.3d 579, 583 (8th Cir. 2017). We also conclude that Duran's prison term is not substantively unreasonable, as it is below the guideline range, and there is no indication the district court overlooked a relevant factor, gave significant weight to an improper or irrelevant factor, or committed a clear error of judgment in weighing appropriate factors. *See United States v. Feemster*, 572 F.3d 455, 461-62 (8th Cir. 2009) (en banc). Finally, we conclude that no forfeiture was properly ordered because no specific sum was identified. Accordingly, we vacate the forfeiture order, and otherwise affirm Duran's conviction and sentence. The joint motion for partial remand is denied.

_____